## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                          :   CHAPTER 13

Mary Ellen Jones                :
                  Debtor            BANKRUPTCY NO. 15-16119sr
                                :

Mary Ellen Jones                :
          Plaintiff             :   Adv. #
     v.
Nationstar Mortgage LLC d/b/a   :
Champion Mortgage Company
          and                   :
Bank of America, N.A.
          and                   :
Academy Mortgage, LLC
          and                   :
The Secretary of Housing and
Urban Development               :
     and
Mortgage Equity Conversion Asset :
Trust 2011-1 by U.S. Bank
National Association as Co-Trustee :

**COMPLAINT OBJECTING TO PROOF OF CLAIM, CLAIM # 1-1 OF NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY AND TO DETERMINE EXTENT AND VALIDITY OF LIEN ASSERTED BY NATIONSTAR AND COMPLAINT PURSUANT TO 73 P.S. §201-7 TO CANCEL TRANSACTION FOR A DECLARATORY JUDGMENT DECLARING TRANSFER REFLECTED BY MORTGAGE TO HAVE BEEN CANCELLED AND TO BE VOID AND SEEKING DAMAGES UNDER THE FDCPA, THE PA CPL AND THE FCEUA**

### INTRODUCTION

1.    The instant complaint is filed by Debtor pursuant to Bankruptcy Rules 3007 and 7001 and pursuant to 11 U.S. §502(b)(1) to object to the proof of claim, Claim # 1-1, of Nationstar Mortgage LLC d/b/a Champion Mortgage Company (hereinafter Nationstar") and for a determination that Nationstar is without standing to file a proof of claim and that it is not entitled to

enforce the note which forms the basis of its claim and that it is not the holder of the mortgage upon which it relies.  Debtor also seeks the cancellation of the consumer loan transaction upon which Nationstar bases its claim pursuant to the Door to Door sales provision of the Pennsylvania Unfair Trade Practices and Consumer Protection Act.  Debtor also disputes that the amount stated in the claim is due to any entity on the note, even if the loan is not cancelled as the amount claimed is inconsistent with the note, contains charges that are not collectable and which are not legitimate.  Debtor disputes that there is or has ever been a default on the note and that there is any basis for accelerating the note or for claiming any fees, costs, attorney fees or miscellaneous other charges due on the note.  Alternatively, if there is a default, Debtor disputes that there can ever be any amount due on the note in excess of 95% of the value of the Debtor's home underlying the note.  Finally, to the extent any lien that Nationstar bases its claim is not cancelled, Debtor seeks to avoid such lien pursuant to 11 U.S.C. §506(d)to the extent it exceeds the lesser of the value of Debtor's interest in her home or the amount of any allowed secured claim Nationstar is found to have.

## JURISDICTION

2.  Jurisdiction over this matter is conferred upon this court by 28 U.S.C. §§1334 and 157(a).  This matter is a core

2

proceeding within the meaning of 28 U.S.C. §§ 157(b)(2),(A) (B) (C), (K), and (O).

3.   Plaintiff consents to the Bankruptcy Court rendering a decision on this complaint.

## PARTIES

4.   Mary Ellen Jones, the plaintiff herein, is a natural person and the debtor in the above captioned voluntary chapter 13 proceeding.

5.   Debtor is 85 years old, mostly blind, frail and unable to walk.  When she is not hospitalized or recuperating in a skilled nursing facility, Debtor resides in her home with her adult son.

6.   Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage Company ("Nationstar") is a Delaware Limited Liability Company with a company headquarters at 8950 Cypress Walters Blvd, Coppell Texas 75019.  Nationstar Mortgage LLC may be served through Corporate Service Company, its registered agent for service, in Dauphin County Pennsylvania.

7.   At all times relevant hereto, Nationstar is and was a debt collector within the meaning of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

8.   Bank of America, N.A. ("BOA") is a National Banking Association whose address is 800 5th Avenue, Seattle, Washington 98104-3176.  BOA is the original payee and "Lender" on the

Adjustable Rate Note upon which Nationstar bases its claim and is the "Lender" on the "Open-End Mortgage" which Nationstar relies upon as security for its claim.

9.   Academy Mortgage, LLC, ("Academy") is a Maryland limited liability partnership with its principal place of business at 614 Old Edmonson Avenue, Suite 200, Baltimore, MD 21228. Academy was the agent of BOA who induced Debtor to enter into the reverse mortgage upon which Nationstar bases its claim.

10.   The Secretary of Housing and Urban Development is the secretary of an agency of the United States Government. ("HUD") Its address is 451 Seventh Street, S.W., Washington D.C. 20410. HUD is the holder of an "Open End Second Mortgage" taken in connection with the transaction upon which Nationstar bases its claim.

11.   Mortgage Equity Conversion Asset Trust 2011-1 by U.S. Bank National Association as Co-Trustee is a Trust for investors and is the entity to whom Nationstar assigned whatever interest it may have had in the note and mortgage upon which it based its claim.   The assignment occurred prior to the date on which Nationstar filed its proof of claim.

**FACTS**

12.   Nationstar has filed a proof of claim, a copy of which is attached hereto as "Exhibit A", which asserts claims

**4**

against Debtor totaling $201,699.92 and an "arrearage" claim in the
amount of $31,615.57.  (See Paragraph 4 of the Proof of claim).

13.   The claim is based on a mortgage and a note in favor
BOA dated July 5, 2007.  The note, mortgage and assignment relied
upon by Nationstar is attached as exhibits to the original proof of
claim.

14.   There  is  nothing  in  the  proof  of  claim  that
indicates Nationstar to be in physical possession of the note upon
which it relies.

15.   Nationstar is in fact not in possession of the note
upon which it bases its claim.

16.   Nationstar is not the holder of the mortgage which
it claims secures its claim.

17.   Nationsar is not the entity entitled to enforce
either the note or the mortgage upon which it bases its proof of
claim.

18.   Nationstar filed its proof of claim on October 19,
2015.

19.   Prior to filing its proof of claim, on August 14,
2015, Nationstar assigned whatever interest it may have had in the
note and mortgage upon which it bases its proof of claim to U.S.
Bank  National  Association  as  Co-trustee  of  Mortgage  equity
Conversion Asset Trust 2011-1.  A copy of the assignment recorded

5

with the Philadelphia recorder of deeds on August 19, 2015 is attached hereto as "Exhibit B."

20.   Whether Nationstar had any interest in the note and mortgage upon which it bases its proof of claim prior to August 14, 2015, it had none when it filed its proof of claim on October 19, 2015.

21.   In paragraph 2 the proof of claim asserts the basis of the claim to be "Money Loaned".

22.   Paragraph 4 of the proof of claim indicates the proof of claim is secured by "Real Estate" and describes the property as 228 South 49th Street, Philadelphia, Pa 19139. The value of the property is blank.

23.   The failure of Nationstar to indicate a value of the property is an admission by Nationstar that the value of its interest in Debtor's home is 0.

24.   The claim does not indicate that the basis of the claim is a note in possession of Nationstar with a blank endorsement or specially endorsed to Nationstar.

25.   Nationstar did not lend any money to Debtor.

26.   Nationstar is not defined as "Lender" in either the note or the mortgage upon which it relies.  In both those documents BOA is defined as Lender.

27.   There is attached to the proof of claim a copy of a paper that appears to contain a blank endorsement from BOA.

6

28.   However, there is nothing to suggest that the endorsement attached to the proof of claim was a part of the note or was in any way affixed to the note within the meaning of the Pennsylvania Uniform Commercial Code. See 13 Pa. C.S. §§3205(a); 3109(c) and 3204(a)(requiring signature for endorsement to be "on the instrument" or on a "paper affixed to the instrument.")

29.   While an agent of a creditor may execute the proof of claim for a creditor, in the creditor's name, pursuant to 11 U.S.C. 501(a) only a "creditor" may file a proof of claim.

30.   A creditor is defined in 11 U.S.C. §101(10)(A) as an entity that has a claim that arose at the time of or before the order for relief.

31.   Nationstar is not a creditor of the Debtor and was not a creditor of Debtor when it filed its proof of claim.

32.   The proof of claim must be disallowed for this reason because U.S. Bank is without standing to file it. *In re Kemp*, 440 B.R. 624(Bankr. E.D. N.J. 2010); See *In re Veal*, 450 B.R. 897, 915, 922 (B.A.P. 9th Cir. 2011)(Party not entitled to enforce note under U.C.C. lacks standing to seek stay relief and to have claim based on note allowed); *In re Alcide*, 450 B.R. 526, 540(Bankr. E.D. Pa. 2011)(Movant denied standing to press motion for relief when it could not show it was holder of the mortgage upon which it relied).

**7**

33.   The note and mortgage upon which the proof of claim is based constitute a consumer loan transaction within the meaning of the federal Truth in Lending Act.

34.   The note and mortgage evidenced a sale of goods and services to Debtor subject to the Door to Door Sales Provisions of the Pennsylvania Unfair Trade Practices and Consumer protection Act. 73 P.S. §201-7.

35.   The entire sale of the consumer loan to Debtor was consummated in Debtor's home.

36.   In violation of 73 P.S. §201-7, Both BOA and its agent Academy failed to: inform Debtor of her right to cancel the transaction as required by 73 P.S. §201-7(d); provide Debtor with a contract that, pursuant to the requirements of 73 P.S. §201-7(b)(1), contained a notice in a minimum of 10 point type near the signature line advising her of her right to cancel the transaction; and to provide her with copies of the "Notice of Cancellation" as required by 73. P.S. §201-7(b)(2).

37.   The Debtor was not provided with a notice of her right to cancel in conformity with the provisions of the exception contained in §201-7(m), which states: "A "Notice of Cancellation" which contains the form and content required by rule or regulation of the Federal Trade Commission shall be deemed to be in compliance with the requirements of this section." Regulations of the Federal Trade Commission also require a notice in proximity to the

**8**

signature line in addition to a separate notice of cancellation. 16 CFR § 429.1.

38.   Because Debtor was not provided with the requisite notice of her right to cancel the transaction under state law Debtor's right to cancel the transaction did not expire after three days. 73 P.S. §201-7(e).

39.   That the appropriate notice under 73 P.S. §201-7(e) was not provided was apparent from the face of the documents that Debtor signed and which formed the consumer loan transaction upon which the proof of claim is based. In particular it is obvious that the note and mortgage attached to Nationstar's proof of claim do not contain the required language in 10 point type.

40.   **Pursuant to 73 P.S. §201-7 Debtor is hereby exercising her right to cancel the transaction represented by the note and mortgage upon which Nationstar bases its proof of claim.**

41.   Debtor will be serving a copy of this complaint providing notice of her exercise of her right to cancel the transaction upon all the Defendants, which include the originators of the transaction as well as any entity with an interest deriving from the transaction and any entity who might claim to have a right to collect or enforce the note or mortgage.

42.   Pursuant to 73.P.S. §210-7(g) the holder of the note and the holder of the mortgage each has 10 days from receipt of the

9

notice of cancellation in which to "(i) refund all payments made by Debtor under [the Note]; ...[and] (iii) cancel and return any negotiable instrument executed by the buyer in connection with the contract or sale and take any action necessary or appropriate **to terminate promptly any security interest created in the transaction.**" (emphasis added).

43.   In the instant case the "security interest created in the transaction" is the mortgage upon which Nationstar bases its proof of claim.

44.   It is anticipated that Nationstar, BOA, Academy; US Bank as Trustee for the Trust and HUD will ignore any obligation either one might have to take the actions required by 73 P.S.§210-7(g), giving rise to affirmative claims for damages and other relief, before the response to this complaint is due.

45.   The entire consumer transaction upon which Nationstar's proof of claim is based occurred in the Debtor's home, over the phone and through the mail.

46.   Debtor, who was 75 and already in poor health at the time signed the original of the Note and Mortgage attached to Nationstar's proof of claim in her house and all the communications regarding the transaction, including the initial contact by Academy and the taking of Debtor's information occurred in her home.

10

47.   The proof of claim states that the "principal due" on the note and mortgage upon which Nationstar relies is "$200,959.59 and that there is only one month of interest due.

48.   This is untrue.

49.   The note upon and mortgage upon which Nationstar bases its proof of claim was an "open end mortgage" with a variable interest rate.

50.   The original principal advanced for the benefit of Debtor in 2007 was not greater than $100,000.00.  This included approximately $65,000.00 that was paid to the holders of existing mortgages on Debtor's home and payments to contractors who did work connected to converting Debtor's home from oil heat to gas heat and painting Debtor's home.

51.   Debtor received no or virtually no money from the consumer transaction.

52.   Debtor did not understand that was going to be the case.

53.   The Adjustable Rate Note and the Open End Mortgage that form the basis of the consumer transaction provide for a "maximum principal amount of ... $315,000.00 to or for the benefit of [Debtor] under the terms of a Home Equity Conversion Loan Agreement dated July 5, 2007 ('Loan Agreement')".

54.   Nationstar did not attach to its proof of claim a copy of the Loan Agreement.

55.   The Loan Agreement provided for an original principal outlay of only a small amount to Debtor.   The loan agreement also contemplated additional advances to Debtor.

56.   Under the loan agreement the making of these additional advancements did not constitute an event of default under the Note and Mortgage.

57.   For this reason, all the charges in the proof of claim that relate to an alleged default are in any event inappropriate charges that cannot be included either in a claim for alleged arrears or in a claim for any total debt that might be allowed.

58.   The note and mortgage upon which Nationstar's proof of claim is based constitute a residential mortgage obligation within the meaning of Pennsylvania Act 6 of 1974 (as amended).   41 P.S. §101 et seq.

59.   Pursuant to 41 P.S. §§403 and 406, before a residential mortgage obligation can be accelerated and before any charges, including attorney fees and costs related to acceleration and default can be imposed a notice conforming to the requirements of the Protective Provisions of Act 6 must be sent and time for curing any alleged default must be allowed to pass.

60.   In the instant case, no notice conforming to the requirements of 41 P.S. §403 was ever sent.

12

61.   In or about October 17, 2013 a letter purporting to be a Notice of Intention to Foreclose Mortgage was sent to Debtor, but the Notice was fatally deficient in numerous respects including but not limited to:

1.   It failed completely to describe the "nature of the default claimed; 41 P.S. §403(c)(2)

2.   It failed completely to describe the right of Debtor to cure the alleged default and "exactly what performance including what sum of money, if any, must be tendered to cure the default" pursuant to 41 P.S. §404.  41 P.S. §403(c)(3).

62.   The notice in violation of the above cited provisions of Act 6, advised Debtor that to cure the default she had to pay 100% of the balance due on the mortgage, which amount was itself inflated.

63.   The notice also failed to advise Debtor of her right under any circumstances to avoid the foreclosure of the mortgage by selling the property and paying 95% of the value of the property if that amount was less than the amount claimed to be due. 41 P.S. §403(c)(3).  See ¶9(d)(iii) of Open End Mortgage, Attached to Defendant's proof of claim.

64.   For these reasons as well, all the fees and charges included in the proof of claim are not owed by Debtor to any entity under the note and mortgage upon which the proof of claim is based.

65.   The mortgage upon which Nationstar bases its claim was reduced to judgment by default in favor of Nationstar on or about September 12, 2014 and damages were assessed in the amount of $177,012.38.  Attached hereto as Exhibits "C"and "D" respectively are: the docket entries and the Praecipe for Entry of Judgment by Default from the case of *Nationstar Mortgage LLC d/b/a Champion Mortgage Company v. Jones*, CCP Philadelphia Cty December Term 2013 No. 00691.

66.   The amount of Debtor's total indebtedness to the holder of the mortgage on Debtor's home was determined by that judgment, increased only by interest at the contract rate from the date of the judgment to the date of the bankruptcy, less any payments thereon.

67.   Nationstar filed a proof of claim in the instant bankruptcy that demands payment of a total debt in an amount that exceeds by approximately $24,000.00 the amount to which the holder of the note and mortgage would be entitled on that judgment.

68.   In the proof of claim Nationstar demand sums which are prohibited by the decision of the Third Circuit Court of appeals in the case of *In re Stendardo*, 991 F.2d 1089,1094-95,1097 (3d Cir.1993); *In re A & P Diversified Technologies Realty, Inc* .,467 F.3d 337, 343 (3d Cir. 2006) ("Under the merger doctrine, the

**14**

mortgage and its concomitant attorneys' fees provision ceased to exist when the judgment was entered.") (applying New Jersey law).

69.   In the proof of claim Nationstar, in its role as debt collector, demand sums to which Nationstar, if it is the holder of the note, has no entitlement and to which the holder of the note and mortgage has no entitlement.

70.   In the proof of claim Nationstar fails to identify the principal whose debt it is attempting to collect in violation of the FDCPA.

71.   In the  proof of claim Nationstar demands interest, and costs and other charges which are prohibited by and applicable state and Federal Law.

72.   In  its  proof  of  claim  Nationstar demands approximately $24,000.00 in sums to which the holder of the mortgage has no entitlement under any circumstances.

73.   If Nationstar's proof of claim is not entirely disallowed because Nationstar is not the party entitled to enforce the note which it seeks to enforce, these sums must be disallowed.

74.   If the proof of claim filed by Nationstar is not disallowed entirely, because Nationstar is not the party entitled to enforce the note upon which it bases its claim, or is not reduced further for the reasons set forth elsewhere in this complaint the proof of claim must be disallowed to the extent it exceeds  177,012.38,  plus  simple  interest  at  the  rate  of

approximately 1% per annum from the date of the judgment to the date of the bankruptcy.

75.   Nationstar by demanding in the proof of claim more than the holder of the note has a right to receive under applicable state and federal law and more than the holder of the mortgage has a right to receive has committed an unlawful act or practice as defined in 73. P.S. §201-3 and in 73 P.S. §201-2(4)(xxi).

76.   Nationstar is also liable under 73. P.S. §201-3 and in 73 P.S. §201-2(4)(xxi).

77.   To the extent the proof of claim is allowed in the inflated amount demanded, Nationstar is liable to Debtor in the amount of approximately $72,000.00, or triple the amount by which Debtor will have been damaged by their unlawful act, plus attorneys fees and costs.   73 P.S. §201-9.2

78.   Nationstar is liable to Debtor pursuant to the provisions of the Fair Debt Collection Practices Act. 15 U.S.C. §1692e(2); 1692e(5) and 1692f(1).

79.   The value of Debtor's interest in her home before the reduction for liens superior to the lien upon which Nationstar bases its claim is at most $130,000.

80.   Pursuant to paragraph 9(d) of the mortgage, in the event of a default in the mortgage that permits acceleration of the debt, the lien of the mortgage can be satisfied upon payment of

"the lesser of" the balance of the debt due on the underlying note or "95%" of the appraised value" of the property.

81.   95% of the appraised value of debtor's home is at most $123,500.00.

82.   For this reason, if the proof of claim of Nationstar is not disallowed entirely fo want of standing, it cannot be allowed in an amount excess of $123,500.00 and any lien in excess of that amount is void pursuant to 11 U.S.C.§506(d.

83.   Pursuant to 11 U.S.C. §506(a) to the extent Nationstar is found to be the holder of an allowed claim, the claim cannot under any circumstances be an allowed secured claim, within the meaning of 11 U.S.C. §506(a), 506(d) and 1325(a)(5), secured by a lien on 228 S. 49th Street, Philadelphia, PA 19139 in an amount in excess of the value of the property, i.e. $130,000.00.

84.   The amount of this allowed secured claim must be reduced by any statutory and actual damages Debtor may have against Nationstar.

85.   If it is true that the mortgage is presently payable in full as contended by Nationstar, then it is not subject to the anti-modification provisions of 11 U.S.C. §1322(b)(2). See also 11 U.S.C. §1322(c).

86.   For this reason any lien which Nationstar or any other entity may have based on the mortgage upon which Nationstar bases its proof of claim, if it is not allowed in a lesser amount,

**17**

is void to the extent that lien exceeds approximately $130,000.00 pursuant to 11 U.S.C. §506(d) and must be further reduced by any claims and setoffs Debtor has under the FDCPA and the CPL.

## COUNT I
## DISALLOWANCE OF PROOF OF CLAIM IN ITS ENTIRETY FOR LACK OF STANDING

87.   Debtor incorporates by reference the allegations in paragraphs 1 through 86 supra.

**WHEREFORE,** Debtor prays this court to disallow the proof of claim, claim #1-1, in its entirety, because Nationstar lacks standing to assert any claim based on the documents upon which the proof of claim is based and Debtor further prays this court to enter an order declaring that Nationstar has no interest in Debtor's home.

## COUNT II - PACPL
## AGAINST ALL DEFENDANTS
## FAILURE TO CANCEL THE LOAN UNDER DOOR TO DOOR SALES PROVISIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

88.   Debtor incorporates by reference paragraphs 1-86 above as if fully set forth herein.

89.   By the time this matter comes to trial the Defendants will have failed to take any action to cancel the transaction upon which Nationstar bases its proof of claim.

90.   If Nationstar is determined to have an interest in the mortgage or if Nationstar is determined to be the holder of the note, then Nationstar, by its inaction will have violated the

provisions of 73 P.S. §201-7 otherwise BOA as the original party
to the transaction and Mortgage Equity Conversion Asset Trust
2011-1 by U.S. Bank National Association as Co-Trustee as the
current party to whom the note and mortgage have been negotiated
will have violated the CPL by their inaction.

91.   The failure of BOA or other responsible parties to
cancel the loan in the manner required by 73 P.S. §201-7
constitutes an unfair and deceptive act and practice that gives
rise to damages under 73 P.S. §201-9.2.

92.   When Debtor sent her notice of cancellation she
relied on BOA, Mortgage Equity Conversion Asset Trust 2011-1 by
U.S. Bank National Association as Co-Trustee, and Nationstar to
act in accordance with the law and to comply with the
requirements of the door to door sales provision of UDAP and to
cancel the loan.

93.   73 P.S. §201-9.2 is available to enforce the
provisions of 73 P.S. §201-7 without regard to reliance.

**WHEREFORE**, Plaintiff prays that this court:

a.   Enter an Order, which can be filed with the
recorder of Deeds declaring the Mortgage on Debtor's Home upon
which Nationstar bases its proof of claim, as well as the
mortgage taken by the Secretary of the Department of Housing and
Urban Development (HUD) to be cancelled and void pursuant to 73
P.S. §201-7.

**19**

b.    Determine BOA, Mortgage Equity Conversion Asset
Trust 2011-1 by U.S. Bank National Association as Co-Trustee, and
Nationstar to have forfeited any right either or any of them have
or had to receive a tender from Debtor of any amount of money on
the canceled note and mortgage because of the failure of each of
them to comply with the notice of cancellation and with the
requirements of 73 P.S. §201-7.

c.    Enter an order determining that Debtor has no
liability of any nature to BOA, Mortgage Equity Conversion Asset
Trust 2011-1 by U.S. Bank National Association as Co-Trustee, HUD
and Nationstar on the note or the mortgage or on HUD's mortgage.

d.    Award Debtor actual and punitive damages,
including triple damages, as well as attorney fees pursuant to
73. P.S. §201-9.2;

e.    Grant such other relief as may be necessary,
proper or appropriate under the law.

### COUNT III
**CLAIM AGAINST NATIONSTAR**
**OBJECTION TO CLAIM FOR ARREARS PURSUANT TO 11 U.S.C.§502(b)(1);**
**THE TERMS OF NOTE AND MORTGAGE; ACT 6 of 1974**

94.    Plaintiff incorporates by reference the
allegations contained in paragraphs 1-86 above.

95.    For the reasons set forth above there has been no
default in the mortgage and there is no right to accelerate the

20

balance due on the note and mortgage upon which Plaintiff bases its claim.

96.   For this reason, there is no arrears due on the mortgage and the claim for arrears must be entirely disallowed.

97.   In addition because the attempt to accelerate the mortgage was not preceded by a valid Act 6 notice, even if there had been a default and even if there are any arrears due, the claim for arrears cannot include any additional fees costs, attorneys fees, court costs, sheriff's costs, inspection fees or any other fees and costs.

**WHEREFORE**, if the court does not award Plaintiff the remedies sought in Count I and II, Plaintiff prays this court:

a.   if Nationstar is able to establish it has any interest in Debtor's home, and if the transaction is not cancelled under applicable state law: to disallow entirely the proof of claim filed by Defendant Nationstar for arrears;

b.   In the alternative, if Nationstar is able to establish an interest in Debtor's home and is able to establish any arrears of any nature and if the transaction is not cancelled: disallow, pursuant to Act 6 of 1974, any addition to the claim for arrear for any costs, fees, attorney fees, inspection fees, court costs or sheriff's costs associated with collecting ay arrears;

21

c.   Award Plaintiff attorney's fees and costs

pursuant to 41 P.S. §503;

d.   Grant Such other relief as may be necessary

and proper.

## COUNT IV
### AGAINST NATIONSTAR
**OBJECTION TO PROOF OF CLAIM FOR THE TOTAL DEBT PURSUANT TO 11
U.S.C.§502(b)(1); AND THE TERMS OF NOTE AND MORTGAGE;**

98.  Plaintiff incorporates by reference the

allegations contained in paragraphs 1- 86 above.

99.  Pursuant to the provisions of the mortgage in the

event of a default and the acceleration of the debt, or at any

time the mortgage on the property can be satisfied by payment the

lesser of the unpaid balance due under the mortgage or 95% of the

appraised value of the property.

100. At all times relevant, the appraised value of the

property is at most $130,000.00.

101. 95% of the appraised value of the property is at

most $123,500.00.  This is the most any holder of the note and

mortgage is entitled to receive to satisfy the mortgage.

**WHEREFORE,** if the court does not award Plaintiff the

remedies sought in Count I and II, Plaintiff prays this court:

a.   if Nationstar is able to establish it has any

interest in Debtor's home, and if the transaction is not

cancelled under applicable state law: to disallow the proof of

claim filed by Defendant Nationstar for a total debt and to allow it as an allowed secured claim, secured by a lien in Debtor's Home in the amount of at most $123,500.00; and

       b.   to determine any lien that Nationstar may have as the result of the mortgage to be void pursuant to 11 U.S.C. §506(d) to the extent it exceeds that amount.

       c.   Grant such other relief as may be necessary and proper under applicable law.

### COUNT V
### ALTERNATIVE CLAIM AGAINST NATIONSTAR
### OBJECTION TO PROOF OF CLAIM FOR THE TOTAL DEBT PURSUANT TO 11 U.S.C.§502(b)(1); 506(a); 506(d)AND IN RE STENDARDO

102. Plaintiff incorporates by reference the allegations in paragraphs 1 through 86 supra.

103. As set forth in paragraphs 65-70 *supra*, the mortgage and note upon which Nationstar bases its proof of claim were reduced to judgment.

104. The mortgage is merged with the judgment and the judgment controls the amount due to the party entitled to payment of the judgment.

105. If as, Defendant Nationstar contends, the mortgage balance has matured and is payable under the terms of the obligation before the expiration of the life of the plan, then any allowed secured claim based on the mortgage is not subject to

the anti-modification clause of 11 U.S.C. §1322(b)(2). See 11 U.S.C. §1322(c).

106. The maximum vale of Debtor's interest in her home is and was at all times relevant not greater than $130,000.00.

**WHEREFORE,** if the court does not award Plaintiff the relief set forth in Counts I and II and it does not alternatively provide Plaintiff the relief sought in Count IV, Plaintiff prays this court:

a.   if Nationstar is able to establish it has any interest in Debtor's home, and if the transaction is not cancelled under applicable state law, and if the claim is not limited as set forth in Count IV above: to disallow the proof of claim filed by Defendant Nationstar and to instead allow the claim as an allowed claim, in a total amount not in excess of $179,000.00, the amount of the judgment plus permitted interest on the unpaid balance of the judgment, *In re Stendardo*, 991 F.2d 1089,1094-95,1097 (3d Cir.1993);

b.   Find Nationstar to have an allowed secured claim within the meaning of 11 U.S.C. §506(a), secured by a lien on Debtor's Home the amount of at most $130,000.00;

c.   Reduce the amount of the allowed secured claim by any affirmative claims, set-offs or recoupments the court finds Debtor to be entitled to in this proceeding;

**24**

d.    Pursuant to 11 U.S.C. §506(d), avoid any lien on
Debtor's home to the extent it exceeds the amount of the allowed
secured claim as reduced by the amounts set forth in sub-
paragraph c. above;

e.    Grant such other relief as may be necessary and
proper under applicable law.

**COUNT VI**
**DAMAGES AGAINST NATIONSTAR PURSUANT TO THE FDCPA AND THE FCEUA
AND THE PACPL**

107. Plaintiff incorporates by reference the
allegations in paragraphs 1 through 86 supra.

108. By filing a proof of claim that ignored the
judgment that was entered on the note and mortgage upon which it
based its prof of claim, Nationstar violated the FDCPA.

109. Nationstar by demanding in the proof of claim more
than the holder of the note has a right to receive under
applicable state and federal law and more than the holder of the
mortgage has a right to receive has committed an unlawful act or
practice as defined in 73 P.S. §201-3 and in 73 P.S. §201-
2(4)(xxi).

110. Nationstar is also liable under 73. P.S. §201-3
and 73 P.S. §201-2(4)(xxi).

111. To the extent the proof of claim is allowed in the
inflated amount demanded, Nationstar is liable to Debtor in the
amount of approximately $72,000.00, or triple the amount by which

**25**

Debtor will have been damaged by its unlawful act, plus attorneys fees and costs. 73 P.S. §201-9.2

112. Nationstar is liable to Debtor pursuant to the provisions of the Fair Debt Collection Practices Act. 15 U.S.C. §§1692e(2); 1692e(5) and 1692f(1).

**WHEREFORE,** Debtor prays this court to:

a.   Award Debtor statutory damages against Nationstar in the amount of $1,000.00 for filing a proof claim on behalf of the holder of the note which Nationstar knew to be unsupportable under applicable state and federal law, pursuant to the FDCPA, 15 U.S.C. §1692k(a)(2)(A);

b.   Grant the Debtor attorney's fees and costs pursuant to 15 U.S.C. §§1692k(a)(3);

c.   In the alternative to the prayer for relief in Counts I, II, IV and V above, if the proof of claim is not disallowed as provided, award Debtor damages against Nationstar in the amount of not less than $72,000 plus reasonable fees and costs pursuant to 73 P.S. §201-9.2.

d.   Find that Nationstar has violated the Fair Debt Collection Practices Act, and award Debtor actual damages to be determined at trial under 15 U.S.C. §1692k.

e.   Award Plaintiff attorneys fees pursuant to 15 U.S.C. §§ 1692k and 1693m and 73 P.S. §201-9.2;

    f. Grant such other relief as may be necessary or proper under applicable law.

        Respectfully submitted,

        /s/ Irwin Trauss_____
        Irwin Trauss, Esquire
        Attorney for Mary Ellen Jones
        PHILADELPHIA LEGAL ASSISTANCE CENTER
        718 Arch Street, Suite 300N
        Philadelphia, PA 19106
        (215)981-3811
        (215)981-3870 (Fax)
        itrauss@philalegal.org